UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNARAE LUCAS                                CIVIL ACTION

VERSUS                                        NO: 05-4155

LOWE'S HOME CENTER, INC.                      SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand** (Rec. Doc. 2). The motion is opposed. After considering the motion, the opposition, and the applicable law, the Court finds that Plaintiff's motion should be DENIED.

**BACKGROUND**

Plaintiff, Donnarae Lucas, sliced her finger on metal flashing while shopping at Defendant, Lowe's, hardware store. She filed a Petition for Damages in the Thirty-Second District Court, in Terrebonne Parish, Louisiana, on June 6, 2005. The Petition alleged that she had "severed her finger" and had received "medical treatment, surgery, physical therapy, and incurred medical bills." She sought recovery for pain and suffering,

medical expenses, loss of enjoyment of life, economic losses, disfigurement, and disability. Defendant received the Petition on June 14, 2005; propounded interrogatories on July 5, 2005; filed an answer in State Court on July 6, 2005; received responses to the interrogatories on July 27, 2005; and filed its Notice for Removal (Rec. Doc. 1) on August 26, 2005. Defendant bases removal on diversity jurisdiction under 28 U.S.C. § 1332. On October 11, 2005 Plaintiff filed the Motion to Remand (Rec. Doc. 2) currently before the Court, arguing that Defendant's removal was untimely.

## DISCUSSION

Title 28 U.S.C. section 1332 provides for original jurisdiction in the federal district court where the amount in controversy exceeds $75,000 and the controversy is between citizens of different States. Both parties agree that the jurisdictional amount and citizenship requirements are met. Title 28 U.S.C. section 1446(b) provides that the Notice of Removal must be filed within 30 days of the initial pleading when that pleading sets forth a removable case. If the initial pleading does not set forth a removable case, the Notice of Removal must be filed within 30 days after receiving some other paper from which it may first be ascertained that the case is removable. Id.

If the State Court Petition triggered the 30 day period for removal, then Defendant should have removed by July 14, 2005, and

its Notice of Removal in August was untimely. If the period was not triggered until the interrogatory responses were received, then the last day for removal would be August 26, 2005 and the removal, filed on that day, was timely.

Plaintiff contends that the claims made in the Petition for Damages were sufficient to make it "facially apparent" to Defendant that the federal jurisdictional amount in controversy was met. Therefore, Plaintiff claims, the original petition triggered the 30 day period.

However, in <u>Chapman v. Powermatic</u>, 969 F.2d 160, 163 (5th 1992), the Fifth Circuit required pleadings to "affirmatively reveal" that damages exceed the jurisdictional amount, and it adopted "a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." Although, the court made it clear that the Defendant *could* make an independent appraisal and seek removal based on an indeterminate pleading, <u>id.</u>, at 163, n.6, the court did not want defendants to be forced to choose between seeking removal prematurely and accidentally waiving the right to remove to federal court. <u>Id.</u> at 163. <u>Chapman</u> is dispositive of the issue before the Court.

Plaintiff's reference to the "facially apparent" test applied in <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1336 (5th Cir. 1995), is off point. That test is used to determine whether the removing party can meet its burden of proof in *establishing* the jurisdictional amount, merely by reference to the pleadings. Both parties in this case agree that the jurisdictional amount has been met. When determining whether or not the initial pleading triggers the 30 day period for removal, <u>Chapman's</u> bright-line test controls.

Plaintiff's State petition suggests damages greater than $75,000, but Defendant was within its rights to ascertain whether that was in fact the case before seeking removal. <u>See also</u>, <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208 (5th Cir. 2002)(establishing an even higher standard for "other papers" to trigger the removal period). Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand** (Rec. Doc. 2) is **DENIED**.

New Orleans, Louisiana this the 16th day of November, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE